# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY STOCKTON,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN HARRINGTON,<br><br>        Respondent. | 1:10-cv-00342-JLT HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>NO CERTIFICATE OF APPEALABILITY REQUIRED<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITION BLANK FORM FOR COMPLAINT PURSUANT TO 42 U.S.C. § 1983 |

      Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 26, 2010, Petitioner filed his petition for writ of habeas corpus in this Court. (Doc. 1). On March 10, 2010, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 3).

      Petitioner is serving a nine year and four month sentence arising from a March 10, 2004 conviction for grand theft, burglary, and evading arrest in the San Diego County Superior Court. (Doc. 1, p. 2). Petitioner's sole ground for habeas relief is his contention that Respondent prison officials refuse to permit him to make a complete copy of his prison file. (Id., pp. 3-4). Petitioner does not challenge either his conviction or sentence.

cd                                                         1

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner complains that the California Department of Correction and Rehabilitation ("CDCR") refuses to allow him to obtain a complete copy of his CDCR prison file. Petitioner argues that CDCR will only permit him to copy certain portions of his file. Petitioner indicates that he will be filing a civil suit that covers the same legal issue as that presented in this petition. (Doc. 1, p. 6). Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement. Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

Accordingly, it is HEREBY ORDERED as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2. The Clerk of the Court is DIRECTED to enter judgment and close the file;

3. The Clerk of Court is DIRECTED to send Petitioner the standard form for claims

pursuant to 42 U.S.C. § 1983; and,

4. No certificate of appealability is required in this case.

IT IS SO ORDERED.

Dated:  **March 25, 2010**                                         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE